CLD-271                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1117
_____

MARIO OCHOA CASTRO,
                                        Appellant

v.

UNITED STATES OF AMERICA; BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:10-cv-05199)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or for
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed:  August 31, 2011)
_____

OPINION
_____

PER CURIAM

        Mario Ochoa Castro, a federal prisoner proceeding pro se, appeals from the

District Court's order dismissing his complaint.  For the reasons that follow, we will

summarily affirm.

1

In October 2010, Castro initiated this civil action by filing a "Complaint for Negligence in Administrative Medical Assistance" in the District Court against the United States of America and the Bureau of Prisons ("BOP"). Castro alleged that, after having cataract surgery in June 2009, he began to experience pain in his eyes, including a "sandy sensation" and a sensitivity to light and wind. He claimed that the BOP's "Health Care Services" had been negligent in failing to "adher[e], expediently as possible, to [his] announced symptoms of eye-sight complications," and that the "supervising authorities" had failed to "prioritize and give careful attention to an inmate's medical needs." The complaint sought five million dollars in damages.

The District Court Clerk docketed Castro's case as an action pursuant to 42 U.S.C. § 1983. On November 1, 2010, the court received a filing from Castro titled "Letter/Motion Clarifying Plaintiff's Type of Action." In that filing, Castro asked the court to "correctly treat [his complaint] as a timely filed tort action, as expressed in the Complaint, as opposed to the Complaint being treated as a Title 28 U.S.C. § 1983 case."

On November 19, 2010, the District Court, acting sua sponte, entered an order dismissing Castro's complaint with prejudice. As a preliminary matter, the court noted that, "[s]ince Plaintiff is a federal inmate and challenging the medical care provided to him during his federal incarceration, [his] claims, technically, could not qualify as § 1983 challenges. Rather, they could be qualified as challenges raised under [Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)]." (Dist. Ct. Mem. Op. entered Nov. 19, 2010, at 1 n.1.) In light of Castro's letter of clarification,

however, the court construed his complaint as a tort action — i.e., an action raising claims under the Federal Tort Claims Act ("FTCA"). The court concluded that it lacked subject matter jurisdiction to consider Castro's FTCA claims because his corresponding administrative claim to the BOP had not included a demand for a "sum certain." Although the court noted that one of Castro's allegations "might" have warranted granting leave to amend had that allegation been treated as a <u>Bivens</u> claim, the court emphasized that Castro had "expressly and in no ambiguous terms directed the Court to exclude from its analysis any <u>Bivens</u> construction of [his] claims." (<u>Id.</u> at 10.)

Castro subsequently moved the District Court to reconsider its November 19, 2010 order. While that motion was pending, he filed a notice of appeal challenging that order. The Clerk of this Court stayed his appeal pending the District Court's resolution of the motion for reconsideration. On June 6, 2011, the District Court entered an order denying that motion. Accordingly, Castro's appeal is now ripe for disposition.[1]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal of Castro's complaint. <u>See</u> <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). We may uphold the District Court's judgment on any basis supported by the record. <u>See</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999).

---

[1] Castro did not file a second notice of appeal or amend his original notice of appeal to include a challenge to the District Court's denial of his motion for reconsideration. Accordingly, we lack jurisdiction to review that order. <u>See</u> <u>United States v. McGlory</u>, 202 F.3d 664, 668 (3d Cir. 2000).

For substantially the reasons provided by the District Court, we agree with the court's dismissal of Castro's FTCA claims. We further conclude that, even if Castro had intended to raise an Eighth Amendment challenge under <u>Bivens</u> — no such intent is reflected in his letter of clarification — that claim would have been subject to dismissal as well, for <u>Bivens</u> claims may only be brought against individual federal officers, not the United States or the BOP. <u>See</u> <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 72 (2001). Moreover, even if Castro had amended his complaint to name individual federal officers as defendants, dismissal still would have been appropriate because his claims alleged only negligence, not the deliberate indifference necessary to support an Eighth Amendment claim. <u>See</u> <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).

In light of the above, the District Court did not err in dismissing Castro's complaint with prejudice. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.